■ QUINTA DOROTEIA, LTD., Appellant, v MATHIAS WAGNER et al., Respondents.—In an action to declare certain property rights, *inter alia,* with respect to easements and rights-of-way to its premises, and to permanently enjoin the defendants

from interfering with the plaintiff's quiet enjoyment of its property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Di Noto, J.), entered August 21, 1987, which, *inter alia,* declared that (1) the defendants are not precluded from constructing and then dedicating a permanent town-approved roadway to the Town of Southampton; and (2) upon completion, approval, and dedication of the roadway, the plaintiff's easement in perpetuity would cease and no longer exist.

Ordered that the judgment is modified, on the law, by deleting from the third decretal paragraph thereof the phrase "cease and no longer exist, but that" and substituting therefor the phrase "continue, and"; as so modified, the judgment is affirmed, without costs or disbursements.

On June 6, 1976, the defendants Mathias Wagner and B.F.W. Realty Corporation entered into a contract with Eckhardt Enterprises, Inc., for the sale of a five-acre parcel of land in Shinnecock Hills, Southampton, New York. After the contract was executed, the rights of Eckhardt Enterprises, Inc. (hereinafter Eckhardt) under the contract were assigned to the plaintiff, Quinta Doroteia, Ltd.

Since the parcel sold to Eckhardt and assigned to Quinta Doroteia, Ltd. was without access to a public road, the parties provided for a right-of-way easement extending from Montauk Highway to the south, over the land of B.F.W. Realty Corporation through a contiguous parcel owned by the defendant Wagner, and ultimately terminating at the southwest corner of the plaintiff's property. The contract provided, however, that the easement burdening the parcel of the defendant B.F.W. Realty Corporation would terminate, "upon the completion of a new roadway to be developed * * * by B.F.W. Realty Corporation and accepted by the Town of Southampton". At the time the June 6, 1976 contract was executed, B.F.W. Realty Corporation had already "irrevocably" dedicated certain specified parcels for the proposed town road and identified these dedicated parcels in a map attached as "Exhibit A" to the contract. Additionally, both the June 6 contract—and a subsequent agreement dated August 25, 1976— recited the granting to the plaintiff of a second access easement, described as a "permanent" easement upon Wagner's parcel, which would originate at the northern end of the proposed town road and terminate at the southwest corner of the plaintiff's parcel, thereby affording the plaintiff unimpeded access to Montauk Highway.

In June 1982 however, the defendant Wagner made applica-

tion to the Town of Southampton Planning Board for preliminary approval of a subdivision plan which plan, the plaintiff contends, incorporated a "major portion" of its right-of-way into private building plots. The plaintiff thereafter commenced this action seeking a judgment declaring, *inter alia,* that it had an unlimited right of ingress and egress "over the lands of the defendants to and from" its property. The plaintiff also sought an injunction precluding the defendants from interfering with its easement and right-of-way. In lieu of trial testimony, the parties stipulated and agreed to the submission of certain documents upon which the court would base its determination.

By memorandum decision dated July 22, 1987, the Supreme Court held that the defendants were entitled to judgment declaring, *inter alia,* that upon the dedication by the defendant B.F.W. Realty Corporation of land for the proposed town road, the plaintiff's easement was, under the relevant provisions of the parties' agreements, extinguished. The plaintiff now appeals.

On appeal, the plaintiff argues, *inter alia,* (1) that the court erred insofar as it determined that the "permanent" easement burdening the defendant Wagner's parcel was extinguished upon the dedication of land by the defendant B.F.W. Realty Corporation for the construction of the proposed town road, and (2) that the defendant Wagner's development of its property, and in particular, its proposed construction of a new roadway to constitute the "permanent" access easement, adversely affected the plaintiff's existing easement and right-of-way.

Although we agree that the court erred insofar as it purported to extinguish the "permanent" easement contemplated by the parties' June 6, 1976 and August 25, 1976 agreements, we find no evidence in the record before us upon which to conclude that there may ensue, by virtue of Wagner's development, an adverse effect upon the right-of-way presently enjoyed by the plaintiff. Specifically, the plaintiff contends, *inter alia,* that the proposed roadway to be constructed by the defendant Wagner—which would provide the plaintiff access to the proposed town road and ultimately to Montauk Highway—differs materially in terms, *inter alia,* of its location and elevation from the plaintiff's present right-of-way through Wagner's property. We note, however, that the provisions of the June 6 and August 25 agreements which refer to the "permanent" easement do not contain detailed dimensional specifications in respect to the elevation and route of the

easement. Moreover, review of the June 6 and August 25 agreements reveals that the "permanent" easement contemplated by the parties was to originate from the northern terminus of the proposed town road, suggesting that its contemplated route would not necessarily duplicate that of the plaintiff's existing right-of-way. In any event, the record—the contents of which were agreed upon by the plaintiff—contains no evidence in respect to the elevation of the proposed road to be constructed by the defendant Wagner so as to permit a determination that the plaintiff's existing right-of-way will be materially affected.

Finally, since the plaintiff stipulated to the submission of certain documents which were to constitute the entire record for the purposes of the court's rendering its decision, the plaintiff's contention on appeal that the record was inadequate is without merit.

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.